IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ERIC CONNER,

    Plaintiff,

v.

JAMIE ADAMS, et al

    Defendants.

ORDER

Case No. 20-cv-531-bbc

    Plaintiff Eric Conner, a prisoner in the custody of the Department of Corrections, has submitted a proposed civil action under 42 U.S.C. § 1983. Plaintiff has filed a certified copy of a trust fund account statement in support of the motion for leave to proceed without prepaying the filing fee. After considering the motion and supporting documentation, the court concludes that plaintiff qualifies for indigent status.

    Even when a prisoner litigant qualifies for indigent status, the litigant must pay a portion of the fee returned by the formula set forth in 28 U.S.C. § 1915(b)(1). Using information for the relevant time period from plaintiff's trust fund account statement, I calculate plaintiff's initial partial filing fee to be $1.41. For this case to proceed, plaintiff must submit this amount on or before July 2, 2020.

    With the complaint, plaintiff also filed a motion to use release account funds to pay the fee for filing this case. (Dkt. #5). His motion will be granted. If plaintiff does not have enough money to make the initial partial payment from plaintiff's regular account, plaintiff should arrange with authorities to pay the remainder from plaintiff's release account.

ORDER

IT IS ORDERED that,

1. Plaintiff Eric Conner is assessed $1.41 as an initial partial payment of the $350.00 fee for filing this case. Plaintiff is to submit a check or money order made payable to the clerk of court in the amount of $1.41 or advise the court in writing why plaintiff is not able to submit the assessed amount on or before July 2, 2020.

2. Plaintiff Eric Conner's motion for use of release account funds to pay the initial partial filing fee in this case (Dkt. #5) is GRANTED.

3. If, by July 2, 2020, plaintiff fails to make the initial partial payment or show cause for failure to do so, plaintiff will be held to have withdrawn this action voluntarily and the case will be closed without prejudice to plaintiff filing this case at a later date.

4. No further action will be taken in this case until the clerk's office receives plaintiff's initial partial filing fee as directed above and the court has screened the complaint as required by the Prisoner Litigation Reform Act, 28 U.S.C. § 1915(e)(2). Once the screening process is complete, a separate order will issue.

Entered this 11th day of June, 2020.

BY THE COURT:

/s/
PETER OPPENEER
Magistrate Judge