IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ERIC CONNER,

                                         OPINION AND ORDER

              Plaintiff,

                                          20-cv-531-bbc

      v.

JAMIE ADAMS, SHIRLE KINYON, ERIN WEHRLE,
PHILLIP HENNEMAN and THOMAS TAYLOR,

              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Eric Conner, who is incarcerated at the Wisconsin Secure Program Facility, has filed this proposed civil action under 42 U.S.C. § 1983, contending that staff refused to provide him treatment for his back pain, in violation of the Eighth Amendment and state negligence law. Because plaintiff is incarcerated, his complaint must be screened under 28 U.S.C. § 1915A. For the reasons below, I conclude that plaintiff's allegations do not state a claim under the Eighth Amendment upon which relief may be granted against any of the defendants. I also am declining to exercise supplemental jurisdiction over plaintiff's proposed state law claims in accordance with 28 U.S.C. § 1367(c)(3) and have not considered those claims for purposes of screening. Therefore, I am dismissing this case and will direct the clerk of court to record a strike in accordance with 28 U.S.C. § 1915(g).

      Plaintiff alleges the following facts in his complaint.

1

ALLEGATIONS OF FACT

Plaintiff Eric Conner is incarcerated at the Wisconsin Secure Program Facility, where most of the defendants are employed. Jamie Adams is the health services manager, Shirle Kinyon is the assistant health services manager, Erin Wehrle is a nurse and Phillip Henneman and Thomas Taylor are correctional officers.

At around 2:30 p.m. on November 12, 2019, plaintiff complained to non-defendant staff members about having severe back pain. At around 6:00 p.m. that evening, a sergeant stated that he had informed defendant Wehrle about plaintiff's complaints and she said to complete a health service request form. At 7:00 p.m., plaintiff saw defendants Adams and Kinyon on his housing unit and told a correctional officer to tell them that he had severe back pain and needed medical attention. Defendants told the correctional officer to have plaintiff fill out a health services request form. Later that evening, plaintiff filled out a health services request form and placed it outside his cell door to be picked up by staff and routed to the health services department.

At 10:30 p.m., plaintiff pushed the intercom button and spoke with defendant Henneman about not being able to sleep because of his severe back pain. Henneman stated that there was no nurse on site, refused to call the on-call nurse and told plaintiff to fill out a health services request form. He also refused plaintiff's request to contact his shift supervisor, defendant Taylor. Henneman denied plaintiff's similar requests at 10:50 p.m., even though plaintiff told him that he had submitted a health services request form earlier that day.

2

During the morning of November 13, 2019, plaintiff continued to complain to correctional staff about his severe back pain. At 11:00 a.m., a sergeant told plaintiff that defendants Adams and Kinyon were aware of his back pain and his multiple requests for medical attention and that he would inform health service staff about his renewed request. On the evening of November 13, defendant Wehrle responded to plaintiff's health service request, stating that plaintiff would be seen during sick call that day. However, plaintiff did not hear from health services and submitted another health service request. Plaintiff eventually saw defendant Wehrle at 2:30 p.m. on November 14, 2019. Wehrle determined that plaintiff had deep muscle tissue problems and gave him ibuprofen, Tylenol, a muscle rub and a warm compress. She also referred plaintiff to the advanced care provider.

OPINION

Plaintiff contends that defendants' failure to get him immediate medical attention for his severe back pain amounted to deliberate indifference and state law negligence. The Eighth Amendment's prohibition on cruel and unusual punishment prohibits prison officials from acting with "deliberate indifference" to prisoners' serious medical needs. Estelle v. Gamble, 429 U.S. 97, 103-04 (1976); Pyles v. Fahim, 771 F.3d 403, 408 (7th Cir. 2014). A prisoner states an Eighth Amendment claim based on deficient medical care by alleging that (1) he has an objectively serious medical condition; (2) defendants knew he had a serious medical condition that required treatment; and (3) defendants disregarded his serious

medical condition by failing to take reasonable measures to address it.  Arnett v. Webster, 658 F.3d 742, 750 (7th Cir. 2011); Forbes v. Edgar, 112 F.3d 262, 266 (7th Cir. 1997).

A "serious medical need" may be a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a layperson. Johnson v. Snyder, 444 F.3d 579, 584-85 (7th Cir. 2006).  The condition does not have to be life threatening.  Id.  A medical need may be serious if it "significantly affects an individual's daily activities," Gutierrez v. Peters, 111 F.3d 1364, 1373 (7th Cir. 1997), if it causes significant pain, Cooper v. Casey, 97 F.3d 914, 916-17 (7th Cir. 1996), or if it otherwise subjects the prisoner to a substantial risk of serious harm, Farmer v. Brennan, 511 U.S. 825 (1994).  "Deliberate indifference" means that the officials are aware that the prisoner needs medical treatment, but disregard this need by consciously failing to take reasonable measures.  Forbes, 112 F.3d at 266.

Plaintiff's allegations suggest that his severe back pain presented a serious medical need and that defendants knew about his pain, but they do not suggest that plaintiff required immediate or emergency medical attention, that defendants had any reason to suspect that plaintiff required immediate medical attention or that defendants failed to take reasonable steps to provide treatment for plaintiff.  Plaintiff alleges that he began complaining about back pain on the afternoon of November 12, 2019, and that defendants Adams, Kinyon, Wehrle, Henneman and Taylor all kept telling him to complete a health service request form, which he did on the evening of November 12.  Although plaintiff believes that he should have been seen immediately by defendants Adams and Kinyon or an

on-call nurse, his allegations do not suggest that he faced an emergency situation or that defendants acted unreasonably under the circumstances. "Disagreement between a prisoner and his doctor, or even between two medical professionals, about the proper course of treatment generally is insufficient, by itself, to establish an Eighth Amendment violation." Pyles v. Fahim, 771 F.3d 403, 409 (7th Cir. 2014). See also Thompson v. Godinez, 561 Fed. Appx. 515, 519 (7th Cir. 2014) (upholding dismissal at screening of complaint of inmate who claimed appropriate treatment for back pain must include "steady flow" of pain medication, brace and special shoes).

In this case, health services staff, including Adams, Wehrle and Kinyon, heard plaintiff's complaints and determined that it was appropriate for him to file a health service request. Without more to suggest that plaintiff faced an emergency situation, plaintiff's allegations do not suggest that the health care defendants' decision to have plaintiff follow prison procedures with respect to health service requests was "so significant a departure from accepted professional standards or practices that it calls into question whether [they] actually [were] exercising [their] professional judgment." Id. (setting forth deliberate indifference standard). See also Sain v. Wood, 512 F.3d 886, 894-95 (7th Cir. 2008)) (A medical professional is entitled to deference in treatment decisions unless "no minimally competent professional would have so responded under those circumstances."). The correctional officer defendants were entitled to rely on the judgment of the medical staff. Hayes v. Snyder, 546 F.3d 516, 527 (7th Cir. 2008). In addition, back pain "is a common ailment," Pyles, 771 F.3d at 412, and it is not uncommon for even non-incarcerated patients to have to wait to

be seen. Here, plaintiff alleges that he was seen and treated within two days after he first complained of severe back pain.

Because plaintiff's allegations are not sufficient to state a federal claim upon which relief may be granted, I decline to exercise supplemental jurisdiction over plaintiff's proposed state law claims in accordance with 28 U.S.C. § 1367(c)(3) and am dismissing his complaint.

ORDER

IT IS ORDERED that this case is DISMISSED for plaintiff Eric Conner's failure to state a federal claim upon which relief may be granted. A strike shall be recorded in accordance with 28 U.S.C. § 1915(g). The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 15th day of July, 2020.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge